ORIGINAL

Territorial Law Library

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| YOPPONG SMAU, | ) | CIVIL CASE NO. 1139-07 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Decision and Order re: Defendant's Motion** |
| | ) | **for Directed Verdict** |
| SUSAN T. WONG, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III, on April 2, 2012, during a jury trial and on Defendant's motion for a directed verdict following the close of Plaintiff's case-in-chief. After hearing oral arguments, this Court took the matter under advisement. Having considered the arguments, evidence, and applicable law, this Court now issues its Decision and Order

### FACTS

Plaintiff's action involves claims for actual fraud, constructive fraud, and negligent misrepresentation. Plaintiff's lawsuit centers around a Deed of Gift ("Deed") signed by Plaintiff on February 14, 2003, which transferred title of real property to Defendant. Plaintiff, who apparently cannot read English, alleges that she did not comprehend the legal effect of the Deed and that the Deed was procured by misrepresentations by Defendant regarding the substance and content of the Deed. Following the close of Plaintiff's case-in-chief, Defendant moved this Court for a directed verdict. Defendant argues that Plaintiff failed to present any evidence that her

ORIGINAL

claims fall within the applicable statute of limitations for fraud and also that Defendant did not present any evidence that Defendant engaged in fraud against Plaintiff.

## DISCUSSION

Rule 50 of the Guam Rules of Civil Procedure provides:

(a) Judgment as a Matter of Law

(1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

GUAM R. CIV. P. 50(a)(1); see also O'Mara v. Hechanova, 2001 Guam 13 ¶ 6 ("A motion for a directed verdict . . . is the same as a motion for judgment as a matter of law"). A judgment as a matter of law is proper if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion . . . ." O'Mara, 2001 Guam 13 ¶ 6. Defendant argues that Plaintiff failed to sustain her burden of proof with respect to both the statute of limitations issue and the issue of Defendant's liability for fraud.

I.    The Statute of Limitations

Title 7, section 11305 of the Guam code establishes a three year statute of limitations for claims of fraud. 7 GUAM CODE ANN. § 11305(4). With respect to an action grounded in fraud, section 11305(4) provides: "The cause of action in such case [is] not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake." Id. The Guam Supreme Court has held that under section 11305, "the statute of limitations will begin to run when the plaintiff suspects or should suspect that his injury was caused by wrongdoing or that someone has done something wrong to him." Gayle v. Hernlani, 2000 Guam 25 ¶ 24. Defendant argues that the statute of limitations began to run when Plaintiff signed the Deed in 2003 because the Deed is a public document and Plaintiff was charged with knowing its contents. However Courts have established that where a plaintiff does not know of the contents of the instrument that she is signing, the Plaintiff cannot be found to have knowledge of the facts

constituting the fraud. <u>Moore v. Moore</u>, 56 Cal. 89, 90 (1880) ("so long as [plaintiff] was ignorant of the contents of the instruments which she had been induced to execute, she was ignorant of the facts constituting the fraud or mistake upon which she relies for relief."); <u>Cooke v. Darnell</u>, 100 Cal.App. 482, 280 P. 383 (Ct. App. 1929) (demurrer based on statute of limitations for fraud claims was not proper where plaintiff alleged that he did not understand the contents of a deed).

In the present case, viewing Plaintiff's evidence in a light most favorable to her, this Court rules that the evidence is sufficient to create a reasonable issue of fact as to whether Plaintiff knew or should have known about the alleged fraud more than three years prior to the commencement of the present action. Based on the evidence presented, a juror could find that Defendant does not have a grasp of the English language and did not comprehend the substance of the Deed that she signed in 2003. Plaintiff testified that her daughter had never lied to her and thus a juror could infer from the evidence that Plaintiff simply signed whatever document Defendant had placed in front of her. Moreover, based on Mr. Peterson's testimony regarding Plaintiff's emotional reaction to hearing news about the transfer of ownership of her home, a jury could infer that Plaintiff did not comprehend the import of her act of signing the Deed some years earlier. Viewing the evidence in Plaintiff's favor, this court cannot rule as a matter of law that Plaintiff knew or should have known of the alleged acts more than three years before the filing of this action.

II.    <u>Evidence of Fraud</u>

Defendant also asserts that Plaintiff failed to provide sufficient evidence to sustain her burden of proof regarding the substantive allegations of fraud. The elements of fraud are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." <u>Transpacific Export Co. v. Oka Towers Corp.</u>, 2000 Guam 3 ¶ 23. The elements of negligent misrepresentation are "(1) a misrepresentation of a past or existing material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) ignorance

of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." Hemlani v. Flaherty 2003 Guam 17 ¶ 9 (quoting Fox v. Pollack, 226 Cal. Rptr. 532, 537 (Ct. App. 1986)). Thus, under Guam law, in order to prove fraud or negligent misrepresentation, the Plaintiff must prove by a preponderance of the evidence that the Defendant, in some way, made a misrepresentation to the Plaintiff that was relied on to the Plaintiff's detriment and that the Defendant had intent to induce reliance.

In the present case, there was simply no testimony of any misrepresentation or intent to induce reliance by Defendant. Plaintiff testified that she signed the document, but she could not provide any probative testimony regarding the transaction – she simply couldn't remember any details about the signing of the deed. Plaintiff's failing memory regarding her execution of the Deed simply does not amount to sufficient proof that Defendant made a misrepresentation about the instrument or that Defendant acted with any intent to defraud. In addition, Mr. Peterson, the only other witness to testify, could not offer any probative evidence as to the transaction or misrepresentation by Defendant. The only evidence of fraud pointed to by Plaintiff in her opposition of the motion was some alleged concealment by Defendant as evidenced by Mr. Peterson's testimony that Defendant did not mention her ownership of the home to either Mr. Peterson or his wife. But this is simply not a sufficient showing of misrepresentation at the time of the signing of the Deed or of any intent to defraud by Defendant.

The evidence is far too fragile to support a verdict for Plaintiff. A verdict in favor of Plaintiff on the element of misrepresentation would be based solely on the tenuous inference that because Plaintiff does not have any current comprehension of the substance of the Deed, she must not have had any comprehension of the Deed at the time she signed it; and therefore, Defendant must have somehow misrepresented the substance of the document to Plaintiff. Such a verdict would necessarily either rest on mere guesses by the jury as to what happened at the time of the signing of the Deed, or on multiple levels of inference drawn from the tenuous evidence supplied by Plaintiff. This Court finds that Plaintiff has not proven by a preponderance of the evidence crucial elements of fraud – either constructive or actual – or negligent misrepresentation. Therefore, Judgment as a matter of law in favor of Defendant is appropriate.

 **ORIGINAL**

## CONCLUSION

Based on the foregoing, Defendant's motion for judgment as a matter of law is GRANTED as to the regarding the sufficiency of Plaintiff's evidence. The case is hereby DISMISSED. The Clerk of Court is hereby directed to enter Judgment pursuant to Guam Rule of Civil Procedure 58 (1)-(2).

It is **SO ORDERED** this

APR 0 4 2012

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

**ORIGINAL**